FILED

SEP - 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOPE MARQUEZ-LUNA,<br><br>　　　　　Defendant. | Criminal Case No. 08MJ1359-WMC<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

　　　　In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on September 4, 2008, to determine whether Hope Marquz-Luna (hereinafter "Defendant") should be held in custody pending trial, on the grounds that she is a flight risk. Assistant U.S. Attorney Amie D. Rooney appeared on behalf of the United States. Attorney Erick L. Guzman, appeared on behalf of the Defendant.

　　　　Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendants as required.

I.

# FINDINGS OF FACT

**A.    Nature and Circumstances of the Offenses Charged (18 U.S.C. §§ 751(a) and 4082 (a) - Escape from Federal Custody)**

1. Defendant is charged in Criminal Complaint No. 08MJ2536-WMC with escaping from federal custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a).

2. If convicted of these charges, Defendant faces a maximum sentence of five years in prison.

**B.    Weight of the Evidence Against Defendant (18 U.S.C.§ 751(a) and 4082(a))**

1. On April 28, 2008, at 0656 hours, Defendant signed out of Correctional Alternatives, Inc. in order to attend the Metro program located at 3295 Meade Avenue, San Diego, CA.

2. The Defendant was given a same-day return time of 1830 hours.

3. The Defendant failed to return at the scheduled time. A search conducted by Correctional Alternatives, Inc. Staff of the facility grounds and the surrounding area provided no further details regarding the Defendant's whereabouts.

4. A complaint was brought in the Southern District of California against the Defendant for Escape from Federal Custody on April 30, 2008. The Honorable Nita L. Stormes, finding probable cause to exist that the Defendant had committed the offense charged, issued a No Bail Bench Warrant for the Defendant's arrest on April 30, 2008.

5. Defendant was not arrested on the present Warrant until on or about August 28, 2008 and was considered a fugitive during the intervening months.

**C.    History and Characteristics of Defendants (18 U.S.C.§ 3142(g)(3))**

1. Defendant is a United States Citizen who has been previously convicted of a violation of 21 U.S.C. § 952 and 960, Importation of Cocaine.

2. Defendant has a history of substance abuse.

3.  Defendant maintains her primary family connections in the State of Nevada.

4.  Defendant has, by failing to comply with the rules of her detention on her previous federal sentence, demonstrated that she is unwilling or unable to comply with restrictions of the kind required for a bond to be issued in the present case.

II.

## REASONS FOR DETENTION

A.  There is probable cause to believe that Defendant committed the offenses charged in Criminal Complaint No. 08MJ1359-WMC; namely, escape from federal custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a).

B.  Defendant will be motivated to flee to Mexico or Nevada based on the maximum term of imprisonment for these offenses.

C.  Defendant does not have sufficient ties to the Southern District of California, in particular, that would anchor her to this community.

D.  Defendant's past history of failure to comply with the terms of her confinement while in federal custody makes it more likely that she would similarly fail to comply with conditions of release prior to trial in the present matter.

E.  The Court finds, by a preponderance of evidence, that the Government has carried the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

III.

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

| | |
|---|---|
| 1 | While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel. |

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 9/8/08

THE HONORABLE WILLIAM McCURINE
United States Magistrate Judge

Prepared by:

s/ Amie D. Rooney

Amie D. Rooney
Assistant U.S. Attorney

cc: Erick Guzman, Esq.